## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

NORA J. FRIEND,                     )
                                    )
                Plaintiff,          )
                                    )
v.                                  )          Case No. CIV-17-062-KEW
                                    )
COMMISSIONER OF THE SOCIAL          )
SECURITY ADMINISTRATION,            )
                                    )
                Defendant.          )

## OPINION AND ORDER

Plaintiff Nora J. Friend (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act.  Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled.  For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case REMANDED to Defendant for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A).  A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 46 years old at the time of the ALJ's decision. Claimant completed her education through the tenth grade. Claimant has worked in the past as a laundry worker, cook, and motel maid. Claimant alleges an inability to work beginning November 17, 2011 due to limitations resulting from joint pain in the hands, wrists, and elbows, knee problems, social problems, and anxiety.

### Procedural History

On September 11, 2013, Claimant protectively filed for protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On July 24, 2015, the Administrative Law Judge ("ALJ") Luke Liter conducted an administrative hearing by video with Claimant appearing in Muskogee, Oklahoma and the ALJ presiding from Tulsa, Oklahoma. On August 26, 2015, the ALJ entered an unfavorable decision. The Appeals Council denied review on January 20, 2017. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform work at the light exertional level.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in rejecting the

opinion offered by the consultative psychologist.

**Consideration of Opinion of the Consultative Psychologist**

In his decision, the ALJ found Claimant suffered from the severe impairments of right index finger impairment, osteoarthritis, bipolar disorder, and PTSD. (Tr. 14). The ALJ determined Claimant retained the RFC to perform light work. In so doing, he found Claimant could lift/carry, push or pull 20 pounds occasionally and ten pounds frequently. Claimant could sit for six hours out of an eight hour workday and could stand or walk a combined total of six hours out of an eight hour workday. Claimant could occasionally climb ramps or stairs, but cannot climb ladders, ropes, or scaffolds. Claimant could occasionally crouch and crawl. She could frequently handle and finger with her right, non-dominant upper extremity. She was limited to simple tasks which the ALJ defined as unskilled work with a specific vocational preparation (SVP) of 1-2. Claimant was unable to have contact with the public and should have superficial contact with co-workers and supervisors. "Superficial contact" is defined as brief and cursory contact. Claimant's work should be repetitive and routine which was defined as work where Claimant was able to do the same thing over and over. (Tr. 16).

After consultation with a vocational expert, the ALJ determined

Claimant could perform the representative jobs of production inspector, bench assembler, and mail clerk, all of which the ALJ found existed in sufficient numbers in the national and regional economies. (Tr. 22). As a result, the ALJ concluded that Claimant was not under a disability from November 17, 2011 through the date of the decision. Id.

Claimant contends the ALJ erred in rejecting the opinion of the consultative psychologist, Dr. Shalom Palacio-Hollmon. Dr. Palacio-Hollmon performed a mental status examination on Claimant on November 9, 2013 and prepared a report. Claimant reported problems with osteoarthritis, bipolar disorder, physical problems, being "really depressed", and sexual urges. She reported thoughts of hurting someone else, being isolated, socially withdrawn, and sad. She had problems with anger and frustration, was easily agitated and annoyed, and defied rules, blamed others, and argued with others. (Tr. 372). Dr. Palacio-Hollmon diagnosed Claimant with Bipolar Disorder, PTSD, Marijuana Abuse, Intermittent Explosive Disorder, and Antisocial Traits. He did not believe her to be malingering. He found Claimant's "overall adjustment to stress is poor." Dr. Palacio-Hollmon recommended Claimant seek counseling from provider focusing on anxiety management, marijuana abuse, management of her depressive symptoms, mood stabilization, and anger management. Claimant's "ability to deal with the public, supervisors and

coworkers is poor." She was able to understand instructions during the evaluation but had difficulty with lengthy, verbal and complex instructions. Dr. Palacio-Hollmon thought Claimant "would benefit from having structure, supervision, support and restricted to repetitive type behaviors in a work setting." He concluded that "[i]t is unlikely that she would be able to meet the demands of the work environment at this time." (Tr. 374-75).

The ALJ recognized Dr. Palacio-Hollmon's findings in the decision. However, he gave "little weight" to the opinion because it was not consistent with exam findings or Claimant's activities. He noted exam findings were largely normal, attention and concentration was normal, and memory was normal. He stated that Claimant scored a 29 our of 30 on the Montreal Cognitive Assessment and found Claimant's treating physician noted she was better on her medication. (Tr. 18-19).

Claimant contends the ALJ failed to address Dr. Palacio-Hollmon's conclusion that Claimant's "ability to deal with the public, supervisors and coworkers is poor." (Tr. 375). The ALJ did not address this statement at all in his decision. The ALJ must evaluate every medical opinion in the record. Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). The ALJ must also explain in the decision the weight given to the medical opinions. Soc. Sec. R. 96-6p, 1996 WL 374180. An ALJ "is not entitled to pick and

choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." <u>Haga v. Astrue</u>, 482 F.3d 1205, 1208 (10th Cir. 2007). The ALJ did not adequately address this restriction from Dr. Palacio-Hollmon in the RFC. On remand, he shall consider the effect of Claimant's limitation in social functioning, including her ability to interact with supervisors and co-workers, in the RFC.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the case is REMANDED to Defendant for further proceedings consistent with this Opinion and Order**.

IT IS SO ORDERED this 27th day of September, 2018.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE